IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ERIC GACHUCHA ANDIKA,       )
               Plaintiff,    )
                       )
v.                     )       Civil No. 7:13-CV-057-O-BL
                       )
CHRISTOPHER B. JONES,     )
Attorney at Law,            )
              Defendant.   )

REPORT AND RECOMMENDATION

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Plaintiff alleges that he was forced to plead guilty to charges of attempted escape and possession of a criminal instrument because his attorney, Defendant Christopher Jones, was unprepared for trial and ruined his motions to dismiss through unnecessary delay.  Petition p. 7.  Plaintiff further complains that Jones uttered a racial slur when referring to him.  *Id.*  He seeks monetary damages.  *Id.* at p. 4.

Andika has failed to state a civil rights claim against his attorney.  42 U.S.C. § 1983 affords redress only for conduct committed by persons acting under color of state law.  *Thibodeaux v. Bordelon*, 740 F.2d 329 (5th Cir. 1984).  Generally, attorneys do not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983).  However, if there is evidence of a conspiracy between an attorney and a state actor, then the attorney may be deemed to have acted under color of state law for purposes of § 1983.  *Tower v.*

*Glover*, 467 U.S. 914 (1984); *Polk County v. Dodson*, 454 U.S. at 325.  However, assertion of a conspiracy without facts to support such an allegation is insufficient to state a colorable claim under § 1983.  *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).

In the case at bar, Plaintiff makes no claim that Defendant Jones was involved in a conspiracy with a state actor.  Thus, the complaint fails to allege a basis for holding Jones liable under § 1983 in his capacity as an attorney or as a private individual.

To the extent that Plaintiff seeks civil redress for his alleged injuries under state substantive law, this Court is without jurisdiction to entertain the complaint.  When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court.  From the face of Plaintiff's complaint, it is apparent that he and Defendant Jones are both citizens of Texas.  *Complaint ¶ IV*.  Because there is no diversity of citizenship, Plaintiff's complaint, construed as a diversity action, should be dismissed for lack of jurisdiction.

Plaintiff brings the instant complaint under the Civil Rights Act.  However, his claim of ineffective assistance of counsel is a ground for relief properly brought in a habeas corpus proceeding.  There is a one-year statute of limitations applicable to a petition for writ of habeas corpus.  28 U.S.C. § 2244(d).  It appears from the instant complaint that Andika may have been convicted in 2012.  *See* Petition p. 6.  Therefore, it is possible that a habeas petition would be time-barred upon dismissal of the instant action.  For that reason, the Clerk of Court will be directed to open a new habeas action by separate order.  Andika's habeas claims will be severed from the instant case and considered in the new habeas proceeding.

-2-

For the foregoing reasons, it is RECOMMENDED that Plaintiff's civil rights claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

It is further RECOMMENDED that Plaintiff's complaint, liberally construed as a diversity action, be dismissed without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

SO ORDERED this 5th day of August, 2013.


**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**