IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ERIC GACHUCHA ANDIKA,        ) | |
|        Plaintiff,        ) | |
| )  | |
| v.        ) | Civil No. 7:13-CV-057-O-BL |
| )  | |
| CHRISTOPHER B. JONES,        ) | |
| Attorney at Law,        ) | |
|        Defendant.        ) | |

ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files, and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Plaintiff's objections thereto, I am of the opinion that the Report and Recommendation of the Magistrate Judge is correct and it is hereby adopted and incorporated by reference as the Findings of the Court.

The Court further finds as follows:

The Magistrate Judge recommends dismissing Plaintiff's claims against his criminal defense attorney because counsel was not acting "under color of state law" for purposes of liability under the Civil Rights Act. In his objections, Plaintiff argues that his attorney may be held liable as a state actor because he was "appointed ad hoc, and instructed what to do ...." Plaintiff's Objections to the Magistrate Judge's Report and Recommendation p. 2. "[A]ppointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act 'under color of' state law in the normal course of conducting the defense." *Tower v. Glover*, 467 U.S. 914, 919-20 (U.S. 1984). In his Report and Recommendation, the Magistrate Judge stated:

> ... if there is evidence of a conspiracy between an attorney and a state actor, then the attorney may be deemed to have acted under color of state law for purposes of § 1983. *Tower v.*

*Glover*, 467 U.S. 914 (1984); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). However, assertion of a conspiracy without facts to support such an allegation is insufficient to state a colorable claim under § 1983. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).

Report and Recommendation pp. 1-2.

Plaintiff was on notice that factual allegations are required to state a cognizable conspiracy claim. However, in his objections, Plaintiff failed to set forth any factual allegations that could support a claim of conspiracy between his criminal defense attorney and a state actor. Therefore his complaint must fail.

For the foregoing reasons, Plaintiff's civil rights claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Additionally, Plaintiff's complaint, liberally construed as a diversity action, is dismissed without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

To the extent that Plaintiff sets forth claims cognizable in a habeas proceeding, such claims have been severed from the instant action and will be addressed in *Andika v. Stephens*, No. 7:13-CV-098-O-BL (N.D. Tex.).

SO ORDERED this 28th day of August, 2013.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE